IDA TRAUGHBER, ADMX., F. M. TRAUGHBER, DECEASED, RESPONDENT, v. KNIGHTS OF THE MACCABEES, APPELLANT.—57 S. W. (2d) 783.

Kansas City Court of Appeals.    March 6, 1933.

*Don C. Carter, M. H. Pemberton* and *N. T. Gentry* for respondent.

*John B. McIlwain* for appellant.

SHAIN, P. J.—This is a law action for money had and received. The action was instituted in the Circuit Court of Boone County, Missouri, April 23, 1929.

In this action, Francis M. Traughber, plaintiff below, respondent herein seeks to recover from the order of Knights of the Maccabees of the World, defendant below, appellant herein, benefits past due and for return of certain assessments paid by him, but which he claims was illegally exacted and accepted from him.

The cause was tried in the Circuit Court of Boone County before the Hon. H. A. Collier, Judge, jury being waived. Trial was had July 29, 1929. After hearing the evidence and argument, the court took the cause under advisement. Thereafter, at the same time, cause while under advisement was continued to the regular October Term of said court.

During the October Term of said court to-wit; on the 28th day of October, 1929, the court announced its findings, verdict and judgment. The judgment of the court was for the respondent, plaintiff

below, in the sums of $1,000 on old age endowments .and- for $206 for excess premiums, totaling $1206.

A motion for a new trial was duly filed, considered and overruled and an appeal duly prosecuted and ·cause was sent to the Supreme Court.

Based upon the ruling of the Supreme Court in companion case to-wit; Early v. Knights of Maccabees of the World, 48 S. W. (2d) 890, cause by stipulation was duly sent to this court.

The facts as disclosed by the record are; that on or about the 27th day of October, 1892, the appellant issued to the ·respondent a full and unconditional certificate of membership in the appellant's society, whereby it insured the respondent on assessment basis for an amount not to exceed· $2000.

This certificate contained the following clause to-wit:

"In case of permanent or total disability, or upon attaining· the age of seventy years, he will be entitled to receive such part of said endowment as provided in the laws of the order which are now in force, or which may hereafter be adopted by the Supreme Tent."

The laws in force at the time the certificate was issued had the following provision to-wit:

"Disability and Old Age Benefits. Sec. 198.—Any member holding a certificate of endowment who shall become totally and permanently disabled from any cause, not the result of his. own illegal act, to perform or direct any kind of labor or business, or, who shall arrive at the age of seventy years, and who has paid all legal dues and assessments since the date of his initiation to the date of such disability or period of life, shall be entitled to receive from the endowment fund annually one-tenth part of the sum for which his endowment certificate is issued."

The evidence shows, that the laws of the order were changed from time to time, that a new policy or certificate was issued and accepted by the respondent. Wherein, the rate was greatly raised, that the laws of the order had been changed cutting out the provisions of section 198 above; that the respondent in making exchange did, on account of the raise of rates, accept a policy for $1000 in lieu of the original for $2000.

The evidence shows, that the respondent complied in all respects, as to the payment of the rate of $10.78 for term of six (6) years, that the rate on the $1000 certificate is far in excess of that paid on the original $2000 certificate.

The appellant makes two assignments of error:

"I. The court erred in refusing to give defendant's declaration of law No. 1, in the nature of a demurrer to the evidence, made at the close of all the evidence in the case, for the following reasons . . ."

"II. The court erred in rendering judgment in favor of the plaintiff of $1000 for 'Old age benefits' and $206 for 'excess premiums' paid by plaintiff for the reasons: . . ."

There is but one issue of law in this case. Does the by-laws in force at the time of issuance of certificate, or the by-laws as amended control in this case? This issue of law, in fact the whole law controlling every material phase of the case at bar, has been clearly set forth and defined, in Marshall v. Knights of the Maccabees of the World (St. Louis Court of Appeals), reported in 270 S. W. 418, in Dessaner v. Maccabees, 278 Mo. 57, and in Early v. Knights of the Maccabees of the World (Mo.), 48 S. W. (2d) 890. Therefore, this court need not comment further on the law, than to say, the laws in existence at the time the first certificate was issued controls.

As to the findings of facts by the trial court, we conclude that same are based upon substantial facts in evidence.

Judgment of the trial court affirmed. All concur.